EXHIBIT B

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MARK SPANIER and MARISSA WEERESINGHE, Individually and on behalf of all others similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT, *et al*.<br><br>*Defendants.* | Case No. 2:20-cv-15081-CCC-AME<br><br>CLASS ACTION |

**[PROPOSED] ORDER AND FINAL JUDGMENT**

On the _____ day of _____, 20___, a hearing having been held before this Court to determine whether the terms and conditions of the Stipulation of Settlement dated April 1, 2022 (the "Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by the Settlement Class against Defendants; and

The Court having considered all matters submitted to it at the hearing and otherwise; and

It appearing that the Notice substantially in the form approved by the Court in the Court's Order Preliminarily Approving Settlement and Providing For Notice ("Preliminary Approval Order") was provided to all reasonably identifiable Settlement Class Members and posted to the website of the Claims Administrator; and

It appearing that the Summary Notice substantially in the form approved by the Court in the Preliminary Approval Order was published in accordance with that Order and the specifications of the Court;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.     All capitalized terms used herein have the same meanings as set forth and defined in the Stipulation.

2.     The Court has jurisdiction over the subject matter of the Action, Plaintiffs, all Settlement Class Members and Defendants.

3.     For purposes of this Settlement, this is a class action on behalf of all persons or entities that purchased or otherwise acquired BMW AG American Depositary Receipts (ADRs) or BMW AG F shares publicly traded over-the-counter between November 3, 2015, and September 24, 2020, both dates inclusive, and excludes Defendants, the present and former officers and directors of Defendants and any subsidiaries thereof, and the immediate family members, legal representatives, heirs, successors, or assigns of such excluded persons and any entity in which any such excluded person has or had a controlling interest during the Class Period. Also excluded from the Settlement Class are all putative members of the Settlement Class who: (a) exclude themselves by filing a valid and timely request for exclusion, or (b) suffered no compensable damages as determined by the Plan of Allocation to be filed with the Court.

4.     The Court hereby finds that the forms and methods of notifying the Settlement Class of the Settlement and its terms and conditions meet the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constitute the best notice practicable under the circumstances; and constitute due and sufficient notice to all persons and entities entitled thereto of these proceedings and the matters set forth herein. No Settlement Class Member is relieved from the terms of the Settlement, including the releases

provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged. Thus, it is hereby determined that all members of the Settlement Class are bound by this Order and Final Judgment.

5.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that the Stipulation and Settlement are, in all respects, fair, reasonable, and adequate and in the best interests of the Settlement Class and each of the Settlement Class Members. This Court further finds the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of Plaintiffs, Settlement Class Members, and Defendants. Accordingly, the Settlement embodied in the Stipulation is hereby finally approved in all respects, and shall be consummated in accordance with its terms and provisions. The Parties are hereby directed to perform the terms of the Stipulation.

6.      The Action and the Amended Class Action Complaint (Dkt. No. 30) ("Complaint") are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as and to the extent provided in the Stipulation and herein.

7.      In accordance with the terms of the Stipulation, the Settlement Class Members, or the successors or assigns of any of them, in any capacity (the "Releasing Parties"), hereby forever release, relinquish, and discharge the Released Parties from any and all Settlement Class Claims. The Releasing Parties, and anyone acting or purporting to act for any of them, are hereby permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or

other proceeding, in any forum, asserting any Settlement Class Claims, either directly, representatively, derivatively, or in any other capacity, against any of the Released Parties.

8.     In accordance with the terms of the Stipulation, each of the Defendants, on behalf of themselves, and, as applicable, their heirs, executors, predecessors, successors and assigns, hereby forever releases, relinquishes, and discharges any and all Defendant Claims which arise out of, concern or relate to the institution, prosecution, settlement, or dismissal of the Action against Plaintiffs, any of the Settlement Class Members, and Lead Counsel.

9.     The Parties may file the Stipulation and/or this Order and Final Judgment in any proceedings that may be necessary to consummate or enforce the Stipulation, the Settlement, or this Order and Final Judgment.

10.     In accordance with 15 U.S.C. § 78u-4(f)(7) and any other applicable law or regulation, any and all claims which are brought by any Person or entity against Defendants (a) for contribution or indemnification arising out of any Released Claim, or (b) where the damage to the claimant is measured by reference to the claimant's liability to Plaintiffs or the Settlement Class, are hereby permanently barred and discharged.  Any such claims brought by Defendants against any Person or entity (other than Persons or entities whose liability to Plaintiffs or the Settlement Class is extinguished by this Order and Final Judgment) are likewise permanently barred and discharged, provided, however, that nothing in this Order and Final Judgment shall apply to bar or otherwise affect any claim for insurance coverage by any Defendant.

11.     The Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

12.     Neither this Order and Final Judgment, the Stipulation, nor any of the negotiations, documents or proceedings connected with them shall be:

(a)    referred to or used against Defendants or against Plaintiffs or the Settlement Class as evidence of wrongdoing by anyone;

(b)    construed against Defendants or against Plaintiffs or the Settlement Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

(c)    construed as, or received in evidence as, an admission, concession or presumption against the Settlement Class or any of them, that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Fund; or

(d)    used or construed as an admission of any fault, liability or wrongdoing by any person or entity, or offered or received in evidence as an admission, concession, presumption or inference against any of the Defendants in any proceeding other than such proceedings as may be necessary to consummate or enforce the Stipulation.

13.    Exclusive jurisdiction is hereby retained over Defendants and the Settlement Class Members for all matters relating to the Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the Settlement Class Members.

14.    Without further order of the Court, Defendants and Plaintiffs may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

15.    There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

EXHIBIT B

16.     The finality of this Order and Final Judgment shall not be affected, in any manner, by rulings that the Court may make with respect to the proposed Plan of Allocation or on Lead Counsel's application for an award of attorneys' fees and expenses and/or case contribution awards to Plaintiffs.

17.     In the event that the Settlement does not become final and effective in accordance with the terms and conditions set forth in the Stipulation, then this Order and Final Judgment shall be rendered null and void and be vacated.  The terms and conditions of the Stipulation shall govern any termination or the effect of any termination thereof.

Dated: _____, 20__                    _____
                                            HONORABLE CLAIRE C. CECCHI
                                            UNITED STATES DISTRICT JUDGE