# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARK SPANIER and MARISSA WEERESINGHE, Individually and on behalf of all others similarly situated, | Case No. 2:20-cv-15081-CCC-AME |
| | CLASS ACTION |
| *Plaintiffs,* | Motion Day: September 15, 2022 |
| | Hon. Claire C. Cecchi |
| v. | |
| BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT, *et al.* | |
| *Defendants.* | |

# REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTIONS FOR: (1) FINAL APPROVAL OF CLASS ACTION SETTLEMENT; AND (2) AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND AWARD TO PLAINTIFFS

Lead Plaintiff Mark Spanier and Named Plaintiff Marissa Weeresinghe ("Plaintiffs"), on behalf of themselves and the Settlement Class, respectfully submit this reply memorandum of law in further support of their motions: (1) for final approval of the class action settlement (ECF No. 51); and (2) for an award of attorneys' fees, reimbursement of expenses, and an award to Plaintiffs (ECF No. 53). Plaintiffs also submit the Supplemental Declaration of Josephine Bravata Concerning: (A) Mailing of the Postcard Notice; and (B) Report on Requests for Exclusion and Objections, dated September 8, 2022 ("Supp. Bravata Decl."), filed herewith as Exhibit 1, in support of their motions. Unless otherwise indicated, all capitalized terms have the meanings ascribed to them in the Stipulation of Settlement dated April 1, 2022 ("Stipulation") (ECF No. 45).

The Court-ordered deadline for Settlement Class Members to object to the Settlement, Plan of Allocation, requested attorneys' fees and expenses, or requested award to Plaintiffs, or to opt out of the Settlement Class, was August 25, 2022. To date, not a single objection has been filed (timely or otherwise) and there have been no valid requests for exclusion from any Settlement Class Member. Supp. Bravata Decl. at ¶¶6-7.

The reaction of the Settlement Class strongly supports approval of the Settlement, the Plan of Allocation, and the requested attorneys' fees, expenses, and award to Plaintiffs. The Court should enter the [Proposed] Order and Final Judgment

(ECF No. 51-1), the [Proposed] Order Approving Plan of Allocation (ECF No. 51-2), and the [Proposed] Order Awarding Attorneys' Fees, Reimbursement of Expenses, and Award to Plaintiffs (ECF No. 53-1).

## I.     The Court-Approved Notice Program

In accordance with the Court's Order Granting Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement ("Preliminary Approval Order) (ECF No. 49), the Claims Administrator completed a robust notice program that included: mailing and emailing 1,926 letters to Nominee Account Holders and Institutional Groups, mailing 106,220 Postcard Notices to identifiable potential Settlement Class Members, disseminating the Summary Notice electronically over *GlobeNewswire,* and publishing all relevant Settlement documents on the Claims Administrator's website. Supp. Bravata Decl. at ¶¶3-5; Declaration of Josephine Bravata Concerning (A) Mailing of the Postcard Notice; (B) Publication of the Summary Notice; and (C) Report on Requests for Exclusion and Objections ("Bravata Decl."; ECF No. 55-1, at ¶10). Additionally, four nominees notified the Claims Administrator that they mailed 3,650 Postcard notices to their customers, and another nominee informed the Claims Administrator that it emailed 15,401 of their customers informing them of the Settlement and providing direct links to the Notice and Claim. Supp. Bravata Decl. at ¶3. Moreover, since the filing of Plaintiffs' opening motion papers, the Claims Administrator has sent an additional 5,247 emails

with direct links to the Notice and Claim. *Id.* To date, a total of 130,518 potential Settlement Class Members have been either mailed a Postcard Notice or emailed a direct link to the Notice and Claim. *Id.*

To date, the Claims Administrator has received 69,374 claims.[1] *Id.* at ¶8. The large number of claims submitted provides further support that the notice program was adequate.

## II.    The Lack of Objections Supports Final Approval of the Settlement, Plan of Allocation, and Fee and Expense Request

The lack of objections from the Settlement Class following the extensive notice program confirms the fairness, adequacy, and reasonableness of the Settlement. *See In re Cendant Corp. Litig.*, 264 F.3d 201, 235 (3d Cir. 2001) ("The vast disparity between the number of potential class members who received notice of the Settlement and the number of objectors creates a strong presumption that this factor weighs in favor of the Settlement[.]"); *In re Par Pharm. Sec. Litig.*, 2013 WL 3930091, at *5 (D.N.J. July 29, 2013) ("Lead Counsel did not receive a single objection to the Settlement, nor did Lead Counsel receive any valid requests for exclusion. Given the size of the class, the lack of any objections or exclusions strongly supports approval of the Settlement.").[2]

---

1 The Claims Administrator is in the process of conducting quality assurance reviews of these submitted claims, and as such, the number of valid claims has not yet been determined.  Supp. Bravata Decl. at ¶8.

2 *See also Stoetzner v. U.S. Steel Corp.*, 897 F.2d 115, 118-19 (3d Cir. 1990) (concluding that,

The favorable reaction of the Settlement Class also supports approval of the Plan of Allocation. *See In re Datatec Systems, Inc. Sec. Litig.*, 2007 WL 4225828, at *5 (D.N.J. Nov. 28, 2007) (fact that "no class members have objected to the Plan of Allocation or the Settlement" supports approval); *In re Lucent Techs., Inc., Sec. Litig.*, 307 F. Supp. 2d 633, 649 (D.N.J. 2004) ("The favorable reaction of the Class supports approval of the proposed Plan of Allocation."); *In re Veeco Instruments Inc. Sec. Litig.*, 2007 WL 4115809, at *14 (S.D.N.Y. Nov. 7, 2007) ("[N]ot one class member has objected to the Plan of Allocation, which was fully explained in the Notice of Settlement sent to all Class Members. This favorable reaction of the Class supports approval of the Plan of Allocation.").

The lack of any objections also supports awarding the requested attorneys' fees and expenses, and the compensatory award for Plaintiffs, the amounts of which were included in the Notice. *See In re Sterling Fin. Corp. Sec. Class Action*, 2009 WL 2914363, at *2 (E.D. Pa. Sept. 10, 2009) (where there were only two objections to the fee request, "this factor weigh[ed] strongly in favor of approving the requested fee award."); *Par Pharm.*, 2013 WL 3930091, at *11 (awarding lead plaintiff

---

when "only" 29 members of a class of 281 objected, the response of the class as a whole "strongly favors settlement"); *In re Linerboard Antitrust Litig.*, 321 F. Supp. 2d 619, 629 (E.D. Penn. 2004) ("No class members objected to either settlement. This fact strongly militates a finding that the settlement is fair and reasonable. '[T]his unanimous approval of the proposed settlement[ ] by the class members is entitled to nearly dispositive weight in this court's evaluation of the proposed settlement.'") (internal citations omitted).

$18,000 under the PSLRA "to compensate it for its reasonable costs and expenses incurred in managing this litigation and representing the Class" where class members were provided notice and "Lead Counsel received no objections."); *Sun v. Han, et al.*, Case No. 2:15-cv-00703-JMV-MF, ECF No. 79, slip op. at 2-3 (D.N.J. Mar. 9, 2018) (awarding 33⅓% of settlement fund, reimbursement of expenses, and $20,000 PSLRA award to Plaintiff where "[t]here were no objections to the request for attorneys' fees or reimbursement of litigation expenses.").[3]

In sum, the lack of objections from the Settlement Class is strong evidence that the Settlement is fair, reasonable, and adequate, the proposed Plan of Allocation of the Settlement proceeds is fair and equitable, and Lead Counsel's fee and expense request is reasonable.

### III.   The Lack of Valid Requests for Exclusions Supports Final Approval

As discussed in Plaintiffs' opening papers, the Claims Administrator received four requests for exclusions, all of which were invalid because the requesters did not

---

3 *See also Elkin v. Walter Investment Management Corp.*, 2018 WL 8951073, at *2 (E.D. Pa. Dec. 18, 2018) (awarding 33⅓% of settlement fund, reimbursement of expenses, and $10,000 PSLRA award to Plaintiff prior to a decision on motion to dismiss, where "[t]here were no objections to the requested Attorneys' Fees and Litigation Expenses."); *Boone v. City of Philadelphia,* 668 F. Supp. 2d 693, 713 (E.D. Pa. 2009) (single objection to the proposed attorneys' fees "weighs in class counsels' favor."); *In re Auto. Refinishing Paint Antitrust Litig.*, MDL No. 1426, 2008 WL 63269, at *4 (E.D. Pa. Jan. 3, 2008) ("A lack of objections demonstrates that the Class views the settlement as a success and finds the request for counsel fees to be reasonable."); *In re Aetna Inc. Sec. Litig.*, 2001 WL 20928, at *15 (E.D. Pa. Jan. 4, 2001) ("[T]he Class members' view of the attorneys' performance, inferred from the lack of objections to the fee petition, supports the fee award.").

provide the required information to establish their membership in the Settlement Class, and failed to respond after the Claims Administrator informed them that their requests were invalid without such information. *See* Declaration of Laurence Rosen in Support of (I) Motion For Final Approval of Class Action Settlement, and (II) Motion For an Award of Attorneys Fees, Reimbursement of Expenses, and Award of Plaintiffs ("Rosen Decl.") (ECF No. 55) at ¶40; *see also* Bravata Decl. at ¶13. Subsequently, the Claims Administrator received two additional requests for exclusion. Supp. Bravata Decl. at ¶6. These two new requests also failed to provide the required information and are therefore invalid. *Id.* The Claims Administrator responded to both requesting the necessary information. *Id.* One has since withdrew her request for exclusion, and the other has not responded; as such, his request for exclusion remains invalid. *Id.*

Additionally, Kristin Hahn, who has sent several inappropriate communications to the Claims Administrator attempting to exclude herself (*see* Rosen Decl. at ¶40) – but never once providing the information required for the Claims Administrator to process her request even though the Claims Administrator has explained several times to her the proper procedure for submitting a request for exclusion – mailed another letter to Court. ECF No. 56. This letter, like her previous communications with the Claims Administrator and her earlier letter to Court (*see* ECF No. 50), still does not include any of the information necessary to show that

she is a member of the Settlement Class. Accordingly, Ms. Hahn's request for exclusion remains invalid.

The lack of valid requests for exclusions supports final approval of the Settlement. *Morris v. Affinity Health Plan, Inc.*, 859 F. Supp. 2d 611, 619 (S.D.N.Y. 2012) (where only 16 of approximately 1,500 class members requested exclusion from the settlement, the "response demonstrate[d] strong support for the settlement.").

## IV.   CONCLUSION

For the reasons stated herein and in Plaintiffs' previously filed memoranda, Plaintiffs respectfully submits that the Court should enter the [Proposed] Order and Final Judgment (ECF No. 51-1), the [Proposed] Order Approving Plan of Allocation (ECF No. 51-2), and the [Proposed] Order Awarding Attorneys' Fees, Reimbursement of Expenses, and Award to Plaintiffs (ECF No. 53-1).

Dated: September 8, 2022          Respectfully submitted,

                                  **THE ROSEN LAW FIRM, P.A.**
                                  /s/ Laurence M. Rosen
                                  Laurence M. Rosen
                                  One Gateway Center
                                  Suite 2600
                                  Newark, NJ 07102
                                  Tel:  (973) 313-1887
                                  Fax: (973) 833-0399
                                  Email: lrosen@rosenlegal.com

Yu Shi (*admitted Pro Hac Vice*)
275 Madison Ave, 40th Floor
New York, NY 10016
Tel: (212) 686-1060
Fax: (212) 202-3827
Email: yshi@rosenlegal.com

*Lead Counsel for Plaintiffs and the
Settlement Class*

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of September, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/ Laurence M. Rosen
Laurence M. Rosen